**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| **Byron Bedell,** | ) |
| **Plaintiff,** | ) **Case No:**   3:26-cv-2339-SAL-TER |
| | ) |
| | ) **JURY TRIAL DEMAND** |
| **v.** | ) |
| | ) |
| | ) **Hon.** |
| **TRANSWORLD SYSTEMS INC.** | ) |
| **Defendant,** | ) |
| | ) |
| | ) |

RCV'D – USDC COLA SC
JUN 16 '26 PM3:21

## COMPLAINT

1. This is a civil action for damages brought by Plaintiff Byron Bedell against Defendant Transworld Systems Inc, Inc. for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., arising from Defendant's attempts to collect an alleged consumer debt after Plaintiff refused to pay and from Defendant's misleading representations concerning the amount of the alleged debt.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). The venue in this district is proper as Defendant transact business Western District of North Carolina and Plaintiff resides in this District.

## PARTIES

3. Plaintiff Byron Bedell is a natural person residing in the District of South Carolina and is a consumer as defined by 15 U.S.C. § 1692a(3).

4. Defendant is a corporation with its principal place of business in Ft. Washington, PA.

5. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6). Defendant's principal business purpose is the collection of consumer debts, and Defendant regularly collects or attempts to collect debts owed or due to another.

## FACTUAL ALLEGATIONS

6.. Defendant is a third party collection agency based in Ft. Washington, PA. Defendant is not the original creditor of the alleged debt at issue.

7. The alleged debt arises from a credit card account originally owed to JP Morgan CHASE, and was incurred for personal and household purposes, not for any business or commercial use.

8. Defendant was attempting to collect the alleged debt on behalf of a third party and reported the account as a collection account on Plaintiff's consumer credit report, identifying itself as a third-party collector rather than the original creditor.

9. On or about May 27, 2026, Defendant called Plaintiff (from telephone# 929-977-0925) attempting to collect an alleged debt in the amount of 18,480.33 **(See Exhibit A)**

10. On May 28, 2026 (3:52 p.m.), Plaintiff responded to Defendant in writing via email, clearly stating that Plaintiff refused to pay the alleged debt. **(See Exhibit B & C)**

11. Defendant received Plaintiff's written refusal to pay. Despite receiving Plaintiff's refusal to pay, Defendant called again on May 29, 2026 (from telephone# 929-977-0925) attempting to collect a debt. **(See Exhibit D)**

## COUNT I
## FDCPA VIOLATION 15 U.S.C. §1692c (c)

12. Plaintiff incorporates paragraphs as though fully stated here

13. On May 28, 2026, Plaintiff at 3:52 p.m. sent Defendant a written communication clearly stating that Plaintiff refused to pay the alleged debt.

14. After receiving Plaintiff's written refusal to pay, Defendant on May 29, 2026, continued to communicate with Plaintiff regarding the alleged debt.

15. Defendant's continued communications were not for any other purpose permitted after a refusal to pay.

19. Plaintiff suffered actual, statutory and punitive damages, including but not limited to mental anguish, anxiety, emotional distress, agony, decreased ability to concentrate at work,'time wasted addressing the improper conduct, and frustration, among other negative emotional and mental harm.

## COUNT II
### FDCPA VIOLATIONS 15 U.S.C. §§1692e

20. Plaintiff incorporates paragraphs as though fully stated here.

21. Defendant's continued communication after Plaintiff prohibited contact constitutes harassment under §1692d.

22. Plaintiff suffered actual, statutory and punitive damages, including but not limited to mental anguish, anxiety, emotional distress, agony, decreased ability to concentrate at work,'time wasted addressing the improper conduct, and frustration, among other negative emotional and mental harm.

## COUNT III
### FDCPA VIOLATIONS OF 15 U.S.C. § 1692f

25. Avers that continuing to contact a consumer after a cease and desist is requested is unfair, abusive and unlawful.

26. The Defendants actions violate Sec. 1692f of Title 15 U.S.C.

## **JURY DEMAND AND PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully demands a jury trial and Prays that the Court enter judgment in favor of Plaintiff and against Defendant and award:

A. Statutory damages pursuant to 15 U.S.C. § 1692k;

B. Actual damages;

C. Costs of this action; and

D. Such other relief as the Court deems just and proper.

Dated: June 2, 2026                                  Respectfully Submitted

                                                     Byron Bedell

                                                     100 Trowbridge Rd.

                                                     Columbia, SC 29229

                                                     Email: byronbedell@gmail,com